Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000569
30-JUN-2014
09:06 AM

NO. CAAP-11-0000569


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JUNIOR LARRY HILLBROOM, as Trustee of the JLH TRUST, Plaintiff-Appellant, v. DAVID LUJAN, Defendant-Appellee, JOHN DOES 1-10, DOE PARTNERSHIPS 1-10, CORPORATIONS, AND/OR OTHER ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2072)


MEMORANDUM OPINION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Plaintiff-Appellant Keith Waibel (Waibel)[1], as Trustee of the JLH Trust (Trust), appeals from the June 30, 2011 Final Judgment entered by the Circuit Court of the First Circuit (Circuit Court).[2]

On appeal, Waibel argues that the Circuit Court erred in granting summary judgment in favor of Defendant-Appellee David J. Lujan (Lujan) because: (1) the Guam Probate Court's Orders were not entitled to full faith and credit; (2) the decision "effectively overruled a prior order issued by another Circuit Court;" (3) "material issues of fact existed as to whether Lujan" (a) "breached his contract with Waibel and the Trust," (b) breached his fiduciary duties as Waibel and the Trust's attorney, and (c) "engaged in other actionable

_____

[1]     On April 9, 2014, this court entered an Order granting the substitution of Junior Larry Hillbroom (Hillbroom), as Trustee of the JLH Trust, in place of the former trustee Waibel. However, as the events leading up to and during the briefing of this appeal were taken by Waibel, we will continue to refer to him throughout this opinion.

[2]     The Honorable Virginia L. Crandall presided.

misconduct;" and (4) the award of attorneys' fees and costs to Lujan was therefore improper.

I.

The Trust was created for Hillbroom's benefit as the biological son of Larry L. Hillblom,[3] co-founder of the package delivery company DHL after his apparent death in an airplane crash on May 21, 1995. At the time the Trust was created, Hillbroom was a minor child and pretermitted heir of the Hillblom Estate. Hillbroom turned eighteen years old in 2002, but until that time, the Guam guardianship court supervised and approved all distributions from the Trust.

On September 29, 1995, the Guam Guardianship Court appointed Hillbroom's biological grandmother, Naoko Imeong (Naoko) as co-guardian and co-guardian ad litem with her daughter, Hillbroom's biological mother, Kaelani Kinney (Kinney).

On November 5, 2001, Waibel, on behalf of the Trust, and pursuant to the decision of the Protectors of the Trust, filed an application with the Guam Guardianship Court to approve the expenditure of $250,000 to "purchase or build a house for Naoko" and her husband "for their personal use and property." The application was approved on November 7, 2001.

In a meeting conducted in Hawai'i in 2002, Waibel asked Lujan, who also represented the Trust in other matters, to take on the task of finding a residence to buy or build for Naoko and her husband. Waibel transferred the $250,000 to Lujan. Lujan held the funds for Naoko and her husband, Marciano Imeong (collectively, "the Imeongs") while they searched for a house or a site to build a house. During this time, a portion of the funds were used for the living and personal expenses for the Imeongs and Hillbroom.[4]

---

[3]    According to Appellee, "Hillbroom" is a misspelling of "Hillblom".

[4]    On February 1, 2007, Edward C. Arriola, a Guamanian attorney representing Lujan regarding Lujan's management of the $250,000, faxed a letter to Waibel's attorney, Brian K. Yomono (Yomono), informing the latter that Lujan's position regarding the $250,000 was that he received the funds from the Trust for the purpose of the construction of a house for the Imeongs, that he held the funds in trust, subject to "the potential set off for funds advanced to the Imeongs" and that the funds were "not the property of the
(continued...)

After Naoko's death on August 29, 2006, probate proceedings for her estate commenced in Guam on March 17, 2008. The Guam Probate Court's December 2, 2008 Decree Settling Final Account of Administrator and Final Distribution (2008 Decree)[5] included the remainder of the $250,000 to buy/build Naoko's residence--$185,000--as an asset of the estate, and ordered that the money be distributed to Naoko's five identified heirs.

On October 7, 2008, Waibel filed the instant Complaint, alleging that Lujan: (1) breached his fiduciary duty to Waibel and the Trust; (2) was negligent in carrying out the task to buy/build Naoko's residence; (3) breached a contract to complete the task; (4) failed to return funds, thereby breaching an obligation in the nature of assumpsit; (5) breached his duty as an agent of Waibel and the Trust; (6) converted the moneys given to him by not using them for the intended purpose and deposited them in his own account; and (7) was, as a result of the foregoing "willful and wanton misconduct," liable for punitive damages.

On May 22, 2009, Lujan moved to dismiss the Complaint and argued that the Complaint was "an improper collateral attack on a dispositive order of another court," i.e., the 2008 Decree. Lujan also filed a Motion to Dismiss Complaint for Lack of Jurisdiction on May 22, 2009. On April 1, 2010, the Circuit

---

[4] (...continued)
[Trust] but that of the estates [sic] of" the Imeongs. The letter went on to state,

> The attached EX PARTE APPLICATION TO APPROVE PROTECTORS' ACTION REGARDING JLH, JOINDER BY Naoko Imeong, Guardian for Jr. Larry Hillbroom, and ORDER of Judge Lamorena substantiate this position. Upon initiation of probate proceedings for the Imeongs, and upon Order by the Court, Mr. Lujan will deposit the funds with the Administrator.

(Capitalization in original.)

[5] On October 6, 2008, the administrator of the estate filed the First and Final Account, Report of Administration and Petition for Final Distribution in the Guam Probate Court. An amended First and Final Account, Report of Administration and Petition for Final Distribution was filed on November 20, 2008, correcting the remaining amount held by Lujan from $250,000 to 185,000.

Court[6] issued orders denying both Lujan's motions and specifically found it had jurisdiction over this case.

On August 31, 2010, the administrator of Naoko's estate, Antonio N. Sinzi (Sinzi) petitioned the Superior Court of Guam "for an order to reopen probate proceedings for the limited purpose of proving that funds distributed to the heirs of the decedent were in fact property of the decedent and that such distribution was appropriate." (Petition to Reopen Probate) To that petition was attached Sinzi's declaration, which stated that the November 7, 2001 order "directed" Waibel to deposit the $250,000 with Lujan "for the benefit of" the Imeongs, the funds were used "expressly for the benefit" of the Imeongs and Hillbroom while Naoko was still alive and after Naoko's death, Lujan transferred the sum of $185,000 to Sinzi's counsel along with declarations of Lujan and his secretary, Carlyn A. Torres (Torres), as to the cash advances made.[7] Sinzi's declaration also reported, "The propriety of this transfer of the funds to the estate as one of its assets has been challenged [in] an unrelated action, Keith Waibel as Trustee of the JLH Trust v. David Lujan et al., Civil Action 08-1-2072-1D EEH, filed in the Circuit Court of the First Circuit, State of Hawaii."

On October 27, 2010, the Superior Court of Guam entered its Decision and Order (2010 Order). The court found that the $250,000 "was for the purpose of purchasing or building a house for [Naoko] which was ultimately to be her personal property. It is crystal clear from the Order that the Two Hundred Fifty Thousand Dollars ($250,000.00) or any house purchased or built from the proceeds is to be the personal property of [Naoko]." The court also found that Waibel received constructive notice of the advances to Naoko and Hillbroom from the $250,000 and the deposit of the $185,000 balance of the funds with Sinzi, Administrator of Naoko's estate, as well as constructive notice of the probate proceedings, through Vida Imeong, a Protector of

---

[6] The Honorable Glenn J. Kim presided.

[7] The declarations of Lujan and Torres are not included in this record.

the Trust during the probate proceedings, yet Waibel did not object to the distributions or deposit.

On February 8, 2011, Lujan filed a Motion for Summary Judgment, or in the Alternative, Motion to Stay Proceedings, urging that the Circuit Court enter judgment in his favor as Waibel's claims "are now moot and this Court should grant full faith and credit" to the 2010 Order, or, in the alternative, grant a stay to allow Waibel "to address his claims directly with the Superior court of Guam to avoid the risk of inconsistent results." At the hearing on Lujan's motion, the Circuit Court reasoned,

> Based on the Court's review of all the matters that have been submitted with respect to this motion for summary judgment, the Court grants the motion for summary judgment, finds that the decision and order of the Guam probate court is entitled to full faith and credit and resolves the issues with respect to this case and that the $250,000.00 payment from the trust to [Lujan] was for the Imeongs and not property of the trust and improperly went to the estate on their deaths.

The Circuit Court appeared to believe the Guam Court's determination that the remainder of the house grant was properly property of Naoko's estate was dispositive of Waibel's claims:

> [A]t the time that the protectors approved the $250,000.00 transfer at their meeting, that the trustee transfer their money and they went before the court and the court approved that, that was a transfer of $250,000.00 from the trust to the guardians for a house. And if that was the case and then the money went to Mr. Lujan, he held it, it eventually went to their probate estate, summary judgment is appropriate, there is no claim.
>
> And I understand you view it differently, that there was a breach of fiduciary duty, that there was a contract, but the Court sees the guardianship proceeding order, protectors made a decision at a meeting to have the trustee, the court approved that, actions were taken subsequent to that, there is credibility issues about that. The emails indicate that [Waibel] understood that the money was with [Lujan] for the purchase of a residence for those individuals, it would have been in their name, the money out of the trust.

Consequently, the Circuit Court granted Lujan's motion.[8]

_____

[8] On March 24, 2011, the Circuit Court filed its order granting Lujan's Motion for Summary Judgment, stating,

> 1) the Order entered on November 7, 2001, by the Superior Court of Guam, which references [Waibel's] Ex Parte Application to Approve Protectors' Action Regarding JLH,

(continued...)

Lujan subsequently filed a Motion for attorneys' fees and costs, and on May 26, 2011, the Circuit Court granted Lujan's motion, ordering Waibel to pay a total of $68,227.19.

On June 30, 2011, the Circuit Court entered judgment in favor of Lujan and against Hillbroom on all claims. This timely appeal followed.

## II.

The heart of Waibel's appeal rests in his position that the Circuit Court erred in granting Lujan's motion for summary judgment based on its ruling that the 2010 Order was entitled to "full faith and credit" and was dispositive of his claims in this case. We review the grant of summary judgment by the Circuit Court de novo. Freddy Nobriga Enters. v. Dep't of Hawaiian Home Lands, 129 Hawai'i 123, 128, 295 P.3d 993, 998 (App. 2013).

"Valid judgments of another state are entitled to full faith and credit in this jurisdiction." Guray v. Tacras, 119 Hawai'i 212, 217, 194 P.3d 1174, 1179 (App. 2008) (internal quotation marks omitted) quoting Tougas v. Tougas, 76 Hawai'i 19, 28, 868 P.2d 437, 446 (1994).[9]

---

[8] (...continued)
> dated November 5, 2001, is controlling and entitled to full faith and credit;
>
> 2) the [2010 Order, entered] by the Superior Court of Guam is controlling and entitled to full faith and credit;
>
> 3) These Orders resolve the issues with respect to this case; and
>
> 4) the $250,000 payment from the [Trust to Lujan] belonged to [the Imeongs] as their personal property and was not the property of the [Trust].

[9] Article IV, Section 1 of the United States Constitution provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, an the Effect thereof.

Congress has provided that "[t]he records and judicial proceedings of any court of any [U.S.] State, Territory or Possession" "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 United States Code (U.S.C.) § 1738 (1948). Guam is a territory ceded to the United States. 48 U.S.C. § 1421 et seq. The "judicial authority of Guam" includes "a trial court designated as the 'Superior Court of Guam' . . . established by the laws of Guam." 48 U.S.C. § 1424(a)(1).

A judgment is valid if:

1. the court rendering it had jurisdiction to act judicially in the case;

2. the party against whom the judgment is sought to be invoked had reasonable notice of the litigation and was afforded a reasonable opportunity to be heard;

3. it was rendered by a competent court; and

4. it is in compliance with the rendering state's requirements for the valid exercise of its court's powers.

Id.

The Circuit Court identified two orders to which it would give full faith and credit. Waibel challenges this decision only as to the 2010 Order. With regard to that order, as did the Circuit Court, we focus on the second requirement of a valid judgment. It is undisputed that Waibel was "the party against whom the judgment [was] sought to be invoked."

As to reasonable notice, the parties do not point to any evidence in the record that shows Waibel was served, by personal service, mail, publication or posting, of the Petition to Reopen. The Superior Court of Guam ruled that Waibel had received constructive notice of the probate proceedings, but did not decide that Waibel had constructive notice of the Petition to Reopen Probate that resulted in the 2010 Order. Lujan does not argue that Waibel knew Sinzi would petition the Guam Superior Court to reopen the probate proceedings for any reason, let alone for the purpose of litigating the propriety of Lujan's handling of the $250,000. Thus, it appears from this record that Waibel received no notice or had any knowledge of the proceedings leading to the 2010 Order.

Although "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law," Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481 (1982), where other methods of issue preclusion would not be applied where the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate the claim, Kremer, 456 U.S. at 480-81, full faith and credit should also be denied. See also Baker by Thomas v. General Motors Corp., 522 U.S. 222, 239 n.12 (1998)

7

(in a subsequent action in another state, attempt to enforce injunction against GM· employee from testifying without GM's permission) ("The Michigan judgment is not entitled to full faith and credit, we have endeavored to make plain, because it impermissibly interferes with Missouri's control of litigation brought by parties who were not before the Michigan court.")

Therefore, we hold that the 2010 Order should not have been given full faith and credit and used to defeat all of Waibel's claims and as the March 24, 2011, order reveals no other basis for the grant of summary judgment, it must be vacated.[10] Our disposition of this issue makes it unnecessary to address Waibel's other argument regarding the entry of summary judgment "effectively overrul[ing]" Judge Kim's denial of Lujan's May 22, 2009 motions to dismiss and requires that we vacate the order awarding to Lujan attorneys' fees and costs as prevailing party in an assumpsit case.

III.

For the foregoing reasons, we vacate the June 30, 2011 Final Judgment entered by the Circuit Court of the First Circuit and remand for further proceedings consistent with this memorandum opinion.

DATED: Honolulu, Hawaiʻi, June 30, 2014.

On the briefs:

Brian K. Yomono
for Plaintiff-Appellant.

    Presiding Judge

Sidney K. Ayabe,
Calvin E. Young, and
Monica K. Suematu
(Ayabe, Chong, Nishimoto, Sia
& Nakamura)
for Defendant-Appellee.

    Associate Judge

    · Associate Judge

---

[10]    Waibel also argues that the Circuit Court, as an additional basis for its decision, considered matters of credibility. However, our review of the Circuit Court's remarks at the hearing and the subsequent written order do not lead us to the conclusion that it relied on credibility matters as a basis for its decision. Rather, the Circuit Court merely noted these matters in the course of its discussion with counsel.